Peck, J.,
dissenting:
I do not concur in the opinion expressing the views of the majority of the court in this case. I think the Act 8th June, 1872, repealed the prior act in relation to fixing the compensation of certain postmasters by the head of that Department, and intended and required a new adjustment in that respect. Although this statute. did not name any specific time within which a new adjustment should be made, and left much in that regard to the discretion of the Postmaster-General, it was nevertheless mandatory in its purpose and scope, and required his action within some reasonable time, and did not tolerate so large a discretion as to authorize an absolute disregard of its enactments, and so render them nugatory. Such a presumption presents the action of Congress in an humiliating aspect, for it cannot well be supposed that any legislative body would enact a law which might or might not be in force or have effect, as the discretion or caprice of some individual called upon to execute it might or might not decide.
"May" in a statute means “must” whenever third persons or the public have an interest in having the duty performed which is authorized by permissive language.
“And the rule is general that where a duty is imposed upon officers by statute, whether by words which are peremptory in themselves or merely permissive, they have no discretion to refuse its performance as against a party having an absolute interest in it.” (1 Hill, 545.) This claimant had such interest.
The time within which the duty required of the Postmaster-General by this statute should be performed not having been *236 named in it, does not relieve him from the obligation of performing it within some reasonable time, so that the law should have its full effect by giving the persons intended to be benefited by it the whole measure of favor which Congress intended for them.
The adjustment decided upon before the Act 8th June, 1872, was set aside by that act, and was not of any validity. It was not to prevail until the 1st of July following; then the act which authorized it was no longer in force, and the adj ustment fell with the authority for making it.
LoitiNCr, J., was absent when this case was decided.
In the cases of J. V. McLean v. The United States, and F. H. Hopkins v. The United States, (postmasters’ cases arising under the act of 1864,) the court being equally divided on the law, and the claimants having no right of appeal, the court proforma framed the following conclusions of law for the purposes of an appeal, and directed judgment to be entered for the claimants.
conclusions oe law.
1. The purpose of the Act 12th June, 1866, (14 Stat. L., 69, § 8,) was to prescribe rules to govern the action of the Postmaster-G-eneral in the cases therein enumerated; and when the quarterly returns of the claimant showed that the salary, allowed to him by the Postmaster-General was 10 per centum less than it would have been on the basis of the commissions allowed to postmasters under the Act22d June, 1854, (10 Stat. L., 298,) then it became the imperative duty of the Postmaster-General to review and re-adjust the claimant’s salary, to the end that at the beginning of the succeeding quarter he should receive an increased salary, as provided by the Act 1st July, 1864. (13 Stat. L,, 335, § 2.)
2. Although the purpose of the Act 12th June, 1866, (14 Stat. L., 59, § 8,) was to prescribe a rule to govern the action of the Postmaster-Gen eral in regard to the salaries of postmasters of the third, fourth, or fifth class therein referred to, yet, nevertheless, the court cannot execute a discretion confided by the Act 22d June, 1854, (10 Stat. L., 298,) to the Postmaster-General; and therefore the claimant’s recovery must be limited to the minimum compensation provided in like cases by that statute.